IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| ANTHONY L. KOZIEL and | ) | |
| JODIE M. KOZIEL, | ) | |
| | ) | CASE NO. BK20-80302-TLS |
| Debtor(s). | ) | A21-8020-TLS |
| ANTHONY L. KOZIEL and | ) | |
| JODIE M. KOZIEL, | ) | |
| | ) | |
| Plaintiff, | ) | CHAPTER 13 |
| | ) | |
| vs. | ) | |
| | ) | |
| SHELLPOINT MORTGAGE SERVICING, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter is before the court on the plaintiffs' motion for summary judgment (Fil. No. 7). Jessie C. Polson represents the plaintiffs. No one appeared on behalf of the defendant. A brief and supporting documentation was filed and, pursuant to the court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1, the motion was taken under advisement without oral arguments.

The motion is granted.

This adversary proceeding was filed to avoid a junior lien on the debtors' real property.

The following facts are uncontroverted:

1. The plaintiffs are the debtors in this Chapter 13 proceeding.

2. The plaintiffs are the owners of real property legally described as

Tax Lot 4, in the Northwest Quarter of Section 6, Township 12 North, Range 11 East, of the 6th P.M., in Sarpy County, Nebraska, more particularly described as follows: Beginning at a point on the North line of said Section 6, which is 2286.79 feet Easterly from the Northwest corner of said Section 6; thence Southwesterly with an interior angle of 90°30' a distance of 140.95 feet; thence Southeasterly a distance of 72.2 feet, thence Northwesterly a distance of 141.67 feet to a point on the North line of said Section 6; thence Westerly along said Section line, a distance of 70.22 feet to the point of beginning, as surveyed, platted, and recorded in Sarpy County, commonly known as 19811 Buffalo Road, Gretna, Sarpy County, Nebraska.

3. The above-described property has at all relevant times been the personal residence of the plaintiffs herein.

4. The Bank of New York Mellon FKA the Bank of New York, as Trustee for the Certificateholders of Cwalt, Inc., Alternative Loan Trust 2006-OC4, Mortgage Pass-through Certificates, Series 2006-OC4, holds the first lien against the real property in the approximate amount of $128,232.89. NewRez LLC d/b/a Shellpoint Mortgage Servicing is the loan servicer for this account.

5. There is a second lien on the property, in the approximate amount of $20,000. HSBC Mortgage Services, Inc., was the creditor at one point and filed a proof of claim in the debtors' 2012 bankruptcy case, but subsequently transferred the claim to Green Tree Servicing LLC. No proof of claim has been filed in this case. According to the debtors, Shellpoint Mortgage Servicing is the current loan servicer.

6. Based on the records of the Sarpy County Assessor, the property is valued at $100,493.

7. Upon information and belief, the second lien is wholly unsecured.

8. The plaintiff filed this adversary complaint on October 12, 2021.

9. Summons and the complaint were served on NewRez LLC D/B/A Shellpoint Mortgage Servicing, PO Box 10828, Greenville, SC 29603, on October 18, 2021.

10. Summons and the complaint were mailed to NewRez LLC D/B/A Shellpoint Mortgage Servicing, c/o Jack Navarro, CEO/President, 55 Beattie Pl, Ste 600, Greenville, SC 29601, on October 18, 2021, although there is no return receipt in the record showing delivery.

11. Summons and the complaint were also served on Green Tree Servicing LLC c/o CT Corporation System as Registered Agent, 5601 S 59th St, Ste C., Lincoln, NE 68516, on October 22, 2021.

12. The time for filing an answer or other response expired on November 11, 2021.

13. No answer or other response has been filed or served by the defendant.

Debtors in Chapter 13 may "strip off" or wholly avoid the lien of a junior lienholder where there is no equity securing the security interest in the property. *Fisette v. Keller (In re Fisette)*, 455 B.R. 177 (B.A.P. 8th Cir. 2011).

The analysis was explained in *Fisette*:

> [T]he Sixth Circuit Court of Appeals provided a helpful summary of the position we follow in this case:
>
> > The message, to recapitulate, is this:
> >
> > — Section 1322(b)(2) prohibits modification of the rights of a holder of a secured claim if the security consists of a lien on the debtor's principal residence;
> >
> > — Section 1322(b)(2) permits modification of the rights of an unsecured claimholder;
> >
> > — Whether a lien claimant is the holder of a "secured claim" or an "unsecured claim" depends, thanks to § 506(a), on whether the claimant's security interest has any actual "value;"
> >
> > — If a claimant's lien on the debtor's homestead has a positive value, no matter how small in relation to the total claim, the claimant holds a "secured claim" and the claimant's contractual rights under the loan documents are not subject to modification by the Chapter 13 plan;
> >
> > — If a claimant's lien on the debtor's homestead has no value at all, on the other hand, the claimant holds an "unsecured claim" and the claimant's contractual rights are subject to modification by the plan.

*Fisette*, 455 B.R. at 183-184 (quoting *Lane v. W. Interstate Bancorp (In re Lane)*, 280 F.3d 663, 669 (6th Cir. 2002)).

In the present case, there is no dispute that the second lien is wholly unsecured. Accordingly, it may be stripped off.

Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); *see, e.g.*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) and *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986).

To withstand a motion for summary judgment, the non-moving party "has an affirmative burden to designate specific facts creating a triable controversy." *Crossley v. Georgia-Pac. Corp.*, 355 F.3d 1112, 1113 (8th Cir. 2004) (internal citations omitted). Failure to oppose a basis for summary judgment constitutes a waiver of that argument. *Satcher v. Univ. of Ark. at Pine Bluff Bd. of Trs.*, 558 F.3d 731, 734-35 (8th Cir. 2009). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

There are no material facts in dispute here. The debtors may strip off the wholly unsecured junior lien for the purposes of the Chapter 13 plan. However, the lien shall not be avoided until the plaintiffs complete the Chapter 13 plan in its entirety. In the event the Chapter 13 case is converted

or dismissed prior to plan completion, the lienholder would continue to hold a valid and unavoided lien secured by the plaintiffs' residential real property. For this reason no documentation of lien avoidance need or shall be recorded until such time as the plaintiffs successfully complete the Chapter 13 plan.

IT IS ORDERED: The plaintiffs' motion for summary judgment (Fil. No. 7) is granted. Separate judgment will be entered.

DATED:    December 29, 2021

BY THE COURT:

 /s/ Thomas L. Saladino 
Chief Judge

Notice given by the Court to:
*Jessie C. Polson
Green Tree Servicing, LLC, 7360 S. Kyrene Road, Recovery Dept. T-120, Tempe, AZ 85283
Shellpoint Mortgage Servicing, 55 Beattie Pl., Greenville, SC 29601
U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.